OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 22, 2000

The Honorable Karen H. Meinardus
Wharton County Attorney
103 South Fulton
Wharton, Texas 77488

Opinion No. JC-0184

Re: Whether a municipal utility district may employ the spouse of a board member in a paid position (RQ-0111-JC)

Dear Ms. Meinardus:

You inform us that the Board of Directors of the Wharton County Isaacson Municipal Utility District (the "District") appointed the husband of a board member to a paid position as utility superintendent. *See* Letter from Honorable Karen Meinardus, to Honorable John Cornyn, Texas Attorney General 1 (Sept. 8, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. On the evening of the hiring, the board member signed an affidavit in compliance with the now-repealed section 54.118 of the Texas Water Code, indicating that she was related to the proposed employee and that she would abstain from further participation in the matter. *Id.*; *see* Act of April 19, 1971, 62d Leg., R.S., ch. 84, § 1, 1971 Tex. Gen. Laws 774 (adopting chapter 54 of the Water Code); Act of May 25, 1995, 74th Leg., R.S., ch. 715, § 43, 1995 Tex. Gen. Laws 3803 (repealing several sections of chapter 54 of the Water Code, including section 54.118). Although the wife recently resigned from the board, the board of directors wishes advice on this matter because the issues of conflict of interest, nepotism, and official misconduct raised by this employment may arise in the future. Request Letter, *supra*, at 2. You ask whether the board member was required to file subsequent affidavits and further abstain from votes regarding the superintendent's duties, pay, and other such matters in order to avoid official misconduct. *Id.* You also ask whether it was official misconduct for the wife to continue as a board member and the husband to continue as an employee of the District paid with public funds, or did she avoid official misconduct by the one-time signing of an affidavit and abstention from approving her husband's employment. *Id.*

In answer to your first question, we conclude that the superintendent's hiring violated section 573.041 of the Government Code, which prohibits public officers from hiring certain near relatives. TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994). A violation of this provision is an offense involving official misconduct, punishable by a fine not less than $100 or more than $1,000. *Id.* § 573.084. In addition, an officer who violates section 573.041 of the Government Code is subject to removal. *Id.* § 573.081.

In answer to your second question, the wife's filing of the affidavit required by former section 54.118 of the Water Code did not exempt the employment from Government Code chapter 573. If chapter 573 allows a board member's relative to keep his job, the board member may not participate in any deliberation or vote on his employment status or compensation if that action applies only to him and not to a bona fide class or category of employees. *Id.* § 573.062(b).

Chapter 573 of the Government Code prohibits public officials from appointing certain near relatives to positions compensated by public funds. Section 573.041 of the Government Code provides that a public official

> may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> (1) the individual is related to the public official within a degree described by Section 573.002; or
>
> (2) the public official holds the appointment or confirmation authority as a member of a state or local board . . . and the individual is related to another member of that board . . . within a degree described by Section 573.002.

*Id.* § 573.041

The public officials subject to this provision include "an officer or member of a board of this state or of a district, county . . . or other political subdivision of this state." *Id.* § 573.001(3)(B). A municipal utility district, as an entity created under Texas Constitution article XVI, section 59, is a political subdivision of the state. *Loyd v. Eco Resources, Inc.*, 956 S.W.2d 110, 121-22 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (and authorities cited). Its directors are public officials within section 573.041 of the Government Code, and accordingly, they may not participate in the employment of any individual related to any director within the third degree by consanguinity or the second degree by affinity. TEX. GOV'T CODE ANN. § 573.002 (Vernon 1994); *see id.* §§ 573.023 (listing an individual's relatives within the third degree by consanguinity); 573.025 (listing relatives within the second degree by affinity). A husband and wife are related to one another in the first degree by affinity. *Id.* § 573.025. Government Code section 573.041 thus prohibits a member of the board of directors of a municipal utility district from voting to appoint his or her own spouse or the spouse of another board member to a compensated position. Based on the facts you have provided, the board members who voted to employ the husband of another board member violated section 573.041. This provision is enforceable by removal from office. *Id.* § 573.081 (Vernon 1994). The violation is also an offense involving official misconduct, punishable by a fine not less than $100 or more than $1,000. *Id.* § 573.084. Because the wife of the prospective utility superintendent did not vote on her husband's employment, she did not violate section 573.041.

Her signing of an affidavit under now-repealed section 54.118 of the Texas Water Code did not, however, permit her husband to be hired. Former section 54.118 of the Water Code provided as follows:

> (a) A director who is financially interested in any contract with the district . . . shall disclose that fact to the other directors, and the disclosure shall be entered into the minutes of the meeting.
>
> (b) An interested director may not vote on the acceptance of the contract or participate in the discussion on the contract.
>
> (c) The failure of a director to disclose his financial interest and to have it entered on the minutes shall invalidate the contract.

Act of April 19, 1971, 62d Leg., R.S., ch. 84, § 1, 1971 Tex. Gen. Laws 774, 784, *repealed by* Act of May 25, 1995, 74th Leg., R.S., ch. 715, § 43, 1995 Tex. Gen. Laws 3803. Former section 54.118 of the Water Code does not address chapter 573 of the Government Code and cannot be read to authorize a municipal utility district to employ the spouse of a board member. It allowed a board to enter into a contract despite a board member's financial interest in it, but it did not address the relational interests affected by the nepotism statute.

Although the board of directors is no longer subject to former section 54.118 of the Water Code, it is now subject to chapter 171 of the Local Government Code, the statute regulating conflicts of interest of local officers. *See* TEX. WATER CODE ANN. §§ 49.001, .058 (Vernon Supp. 2000) (director of water district is subject to provisions of chapter 171, Local Government Code). This statute addresses an officer's interests involving real property and business entities and is not restricted to interests in contracts as was former section 54.118 of the Water Code. Like section 54.118 of the Water Code, chapter 171 requires a local officer with certain economic interests in board decisions to disclose those interests and abstain from participating in the board's action. Pursuant to chapter 171, a director of a municipal utility district may not participate in a vote on a matter involving a business entity or real property if he or she has a substantial interest in the matter and it is reasonably foreseeable that action on the matter would confer an economic benefit on the business entity or real property. TEX. LOC. GOV'T CODE ANN. § 171.004 (Vernon 1999). Under these circumstances, the officer must file an affidavit disclosing the substantial interest in the proposed action and abstain from further participation in the matter. Chapter 171 imputes to a local public officer the substantial interests of certain near relatives in a business entity or in real property. *Id.* § 171.002(c). It does not, however, exempt nepotistic employments from the provisions of chapter 573 of the Government Code. Tex. Att'y Gen. Op. No. DM-76 (1992) at 3.

If the director in question approved her husband's paychecks, she could be subject to charges of official misconduct under Government Code section 573.083. This section provides that a public official who knows that an individual is ineligible for employment under chapter 573 of the Government Code may not "approve an account or draw or authorize the drawing of a warrant or

order to pay the compensation" of the individual. TEX. GOV'T CODE ANN. § 573.083 (Vernon 1994). Violation of this prohibition is a misdemeanor offense involving official misconduct, punishable by a fine of not less than $100 or more than $1,000. *Id.* § 573.084. Whether a particular board member violated section 573.083 of the Government Code involves questions of fact, which cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. Nos. JC-0152 (1999) at 12; JC-0020 (1999) at 2; DM-98 (1992) at 3; H-56 (1973) at 3; M-187 (1968) at 3; O-2911 (1940) at 2.

An exception to chapter 573 allows an employee of a board to continue his or her employment even after a near relative becomes a board member. This exception does not apply to the employment you have described, but we will summarize it because it may be relevant to the District in the future. Section 573.062(a) states that the section 573.041 prohibition against nepotistic appointments does not apply to an employee of a board who has completed the requisite period of continuous service before his relative is elected or appointed to the board. If the public official is appointed, the individual's prior employment must be continuous for at least thirty days. TEX. GOV'T CODE ANN. § 573.062(a)(2)(A) (Vernon 1994). If the public official is elected at an election other than the general election for state and county officers, the prior service must be continuous for six months, and, if the public official is elected at the general election, it must be continuous for one year. *Id.* § 573.062(a)(B), (C). Elections for directors of municipal utility districts are held on the uniform election date established by the Election Code in either January or May of each even-numbered year, TEX. WATER CODE ANN. § 49.103 (Vernon Supp. 2000), while the general election for state and county officers is held in November in even-numbered years, TEX. ELEC. CODE ANN. § 41.002 (Vernon 1986); *see also* TEX. GOV'T CODE ANN. § 573.042(a) (Vernon 1994) (prohibition against certain actions by candidate to influence governing board for which he or she is a candidate to employ or otherwise affect employment status of near relative). Thus, a relative of a municipal utility district director must serve at least six months continuously before the director assumes office following the election, unless the director is appointed to fill a vacancy. In that case, the relative need serve only thirty days continuously before the director takes office. Tex. Att'y Gen. Op. No. DM-2 (1991) at 3.

If an individual continues his or her employment by virtue of the exception for prior continuous service

> the public official to whom the individual is related in a prohibited
> degree may not participate in any deliberation or voting on the
> appointment, reappointment, . . . employment, reemployment, change
> in status, compensation, or dismissal of the individual if that action
> applies only to the individual and is not taken regarding a bona fide
> class or category of employees.

TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994). Thus, a board member may not participate in any deliberation or vote on the relative's employment status or compensation if that action applies only to the relative, but he or she may participate if the action is taken regarding a bona fide class

or category of employees. *See* Tex. Att'y Gen. Op. No. DM-46 (1991) at 4 (discussion of action taken regarding a bona fide class or category of employees); *see also* Tex. Att'y Gen. LO-98-097, at 3 (Local Government Code chapter 171 does not prohibit county officer from voting on his own salary, because interest in salary from county is not an interest in a business entity or real property).

## S U M M A R Y

A municipal utility district's action in employing the spouse of a board member in a paid position violated section 573.041 of the Government Code, even though the related board member abstained from participation in the action.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee